```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
ADAM S. JASKIEWICZ,                      :
                    Plaintiff,           :
                                         :      06 Civ. 3770 (DLC)
            -v-                          :
                                         :      OPINION & ORDER
U.S. DEPARTMENT OF HOMELAND SECURITY,    :
U.S. CITIZENSHIP & IMMIGRATION           :
SERVICES, ROBERT M. COWAN, Individually  :
and in the Capacity of Director of New   :
York Office of U.S. Citizenship &        :
Immigration Services, ANNE MARIE         :
GANTNER, Individually and in the         :
Capacity of District Director of New     :
York Office of U.S. Citizenship &        :
Immigration Services, U.S. DEPARTMENT    :
OF JUSTICE, U.S. IMMIGRATION AND         :
NATURALIZATION SERVICE, and U.S.         :
DEPARTMENT OF STATE,                     :
                    Defendants.          :
                                         :
-----------------------------------------X
```

Appearances:

For Plaintiff:
Janusz W. Andrzejewski
150 William Street, 19th Floor
New York, NY 10038

For Defendants:
Michael J. Garcia
United States Attorney
Southern District of New York
F. James Loprest, Jr.
Special Assistant United States Attorney
86 Chambers Street
New York, NY 10007

DENISE COTE, District Judge:

    Plaintiff Adam Jaskiewicz ("Jaskiewicz") filed this action for injunctive and declaratory relief following denial of his

application for adjustment of status by the District Director of the United States Citizenship and Immigration Services ("CIS"). The defendants, the United States Department of Homeland Security and others,[1] filed this motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. For the following reasons, defendants' motion is granted.

## Background

The following facts are undisputed or taken from the plaintiff's complaint.  Jaskiewicz is a citizen of Poland and a resident of New York.  He was born on February 8, 1980, and at the age of ten, moved to the United States with his mother.  He entered the United States on a nonimmigrant visitor's visa and remained in the United States after the visa expired.  In 1993, Jaskiewicz's grandmother, who was a permanent resident of the United States, filed a Petition for Alien Relative to benefit Jaskiewicz's mother.  The petition was approved in 1994, and a visa became available to Jaskiewicz's mother on May 1, 2001.

In the meantime, in January 2001, Jaskiewicz and his mother went to the local CIS office (at that time the Immigration and Naturalization Service ("INS")) to file applications for adjustment of status for both of them.  They sought expedited

---

[1] Robert M. Cowan's position and Mary Anne Gantner's name are incorrectly listed in the caption.

processing due to the fact that Jaskiewicz would "age out" of derivative status when he reached the age of twenty-one on February 8, 2001.  Jaskiewicz was told by an INS officer at the inquiry section of the INS office that the applications could not be accepted for expedited processing.  The INS officer added that Jaskiewicz should not bother filing his application for adjustment of status in the future, because his mother's visa would not become available until after his twenty-first birthday, when he would age out.  His mother filed her own application for adjustment of status in June 2001, after her visa became available in May.

In July 2003, when inquiring about his situation, Jaskiewicz was advised by another CIS officer to file an application for adjustment of status because a visa was available for him under the Child Status Protection Act ("CSPA"), Pub. L. No. 107-208, 116 Stat. 927 (2002), which amended the Immigration and Naturalization Act ("INA") to prevent children with derivative status from "aging out" while their parents' applications were pending.  Following this advice, Jaskiewicz filed an application for adjustment of status in August 2003, and included in his application affidavits from himself and his attorney explaining the circumstances of the late filing based on the instructions received at the INS office in January 2001.  On October 25, 2004, the District Director of

3

the New York CIS office denied Jaskiewicz's application for adjustment of status because his application had been filed more than one year after the date his mother's visa became available. Moreover, the decision stated that "there is no appeal to this decision," except that if Jaskiewicz were placed in removal proceedings, he could seek review of the decision before the Immigration Judge.

Jaskiewicz filed this complaint on March 30, 2006, claiming that the District Director's decision was an abuse of law and arbitrary and capricious because he disregarded the documents showing that Jaskiewicz had intended to file for adjustment of status in January 2001 but was advised against doing so by the INS officer.  In addition, Jaskiewicz claims that because the INS officer's actions amounted to affirmative misconduct, the Government should be estopped from denying him an immigration visa.  Jaskiewicz seeks an injunction restraining the Government from initiating removal proceedings against him and a declaratory judgment stating that the Government abused its discretion and violated his Fifth Amendment due process rights. In the alternative, Jaskiewicz seeks money damages for injuries sustained in reliance of the INS officer's statements and for the costs associated with his application for adjustment of status.

4

Discussion

Jaskiewicz is seeking adjustment of status under 8 U.S.C. § 1255 as a derivative beneficiary under the CSPA, codified at 8 U.S.C. § 1153. An alien who is in the United States who satisfies certain conditions "may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence." 8 U.S.C. § 1255. Unmarried children under the age of twenty-one are entitled to the same status as their parent, 8 U.S.C. § 1153(d), and under the CSPA as it existed in 2002, the age of the child applying for adjustment of status as a derivative beneficiary is determined using the date on which the petition was filed with the Attorney General. 8 U.S.C. § 1151.

Jaskiewicz asserts jurisdiction under 28 U.S.C. § 1331, 8 U.S.C. § 1329, and 5 U.S.C. § 702. On a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed. R. Civ. P., "[t]he plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." Aurecchione v. Schoolman Transp. System, Inc., 426 F.3d 635, 638 (2d Cir. 2005). A court must "accept as true all material factual allegations in the complaint," Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)), but refrain from "drawing from the pleadings inferences favorable to the party asserting

[jurisdiction]," APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003) (citation omitted).  "[A] district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it lacks the statutory or constitutional power to adjudicate it."  Aurecchione, 426 F.3d at 638 (citation omitted).

A. 8 U.S.C. § 1329

Section 1329 provides that United States district courts have jurisdiction of "all causes . . . brought by the United States that arise under the provisions of this subchapter [on immigration]."  8 U.S.C. § 1329.  In 1995, the Court of Appeals for the Second Circuit left open the question of whether Section 1329 might provide subject matter jurisdiction for district courts to review a District Director's denial of adjustment of status when deportation proceedings had not yet commenced, as is the situation here.  Howell v. INS, 72 F.3d 288, 293 n.5 (2d Cir. 1995).  Section 1329, however, has since been amended to state that "[n]othing in this section shall be construed as providing jurisdiction for suits against the United States or its agencies or officers."  Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, Div. C, Title III-F, § 381(a)(2), 110 Stat. 3009-650; see also Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 477 n.4

6

(1999).  Section 1329 does not, therefore, provide jurisdiction for adjustment of status claims.  See, e.g., Zelkowska v. Gonzales, 05 Civ. 8107 (LAK), 2005 WL 2491490, at *1 (S.D.N.Y. Sept. 29, 2005); Karan v. McElroy, 02 Civ. 6678 (JGK), 2003 WL 21209769 (S.D.N.Y. May 23, 2003); Sadowski v. INS, 107 F. Supp. 2d 451, 453-54 (S.D.N.Y. 2000).

B. 5 U.S.C. § 702

Jurisdiction is not available through the APA to the extent that "statutes preclude judicial review."  5 U.S.C. § 701(a).  As discussed below, Title 8 specifically bars judicial review of determinations on adjustment of status.  See 8 U.S.C. § 1252(a)(2)(B)(i).

In addition, the APA does not provide a basis for jurisdiction to challenge any agency action that "is committed to agency discretion by law."  5 U.S.C. § 701(a).  An adjustment of status decision is discretionary.  Section 1255 provides that a petitioner's status "may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe."  8 U.S.C. § 1255(a); see also Bugayong v. INS, 442 F.3d 67, 71 (2d Cir. 2006).  As the Second Circuit has noted, "[a]djustment of status is a matter of grace, not of right, and the evaluation of such applications is left to the discretion of the Attorney General."  Wallace v. Gonzales, 463 F.3d 135, 137

(2d Cir. 2006).  The APA does not, therefore, create jurisdiction over Jaskiewicz's claim to the extent it seeks review of a discretionary decision.

Even if the claim is characterized as a request to review a nondiscretionary decision, the APA does not provide jurisdiction.  The APA requires plaintiffs to comply with statutory exhaustion requirements, In re S.E.C. ex rel. Glotzer, 374 F.3d 184, 189 (2d Cir. 2004), and the immigration statute has an exhaustion requirement that Jaskiewicz has failed to meet.  For instance, the initial decision on whether a petitioner has met the "statutory eligibility requirements" is a nondiscretionary decision.  Rodriguez v. Gonzales, 451 F.3d 60, 62 (2d Cir. 2006).  The limited jurisdiction given to courts over nondiscretionary decisions, however, is subject to the requirement under the immigration statute that all administrative remedies be exhausted before judicial review is sought.  8 U.S.C. § 1252(d); see also Karaj v. Gonzales, 462 F.3d 113, 117 (2d Cir. 2006) (removal order).  An applicant whose application for adjustment of status is denied by the District Director has no appeal, but may renew the application before an Immigration Judge, once removal proceedings have been initiated.  8 C.F.R. § 245.2(a)(5)(ii); Jain v. INS, 612 F.2d 683, 689-90 (2d Cir. 1979).  An appeal of any adverse decision then lies in the Court of Appeals, not in the district court.  8

U.S.C. § 1252(a)(5); see also Garay v. Slattery, 23 F.3d 744, 745 (2d Cir. 1994); Sharkey v. Ganter, 05 Civ. 5577 (PAC), 2006 WL 177156, at *4 n.5 (S.D.N.Y. Jan. 24, 2006).

Jaskiewicz claims that the exhaustion requirement is excused because further administrative proceedings would be futile.  Where administrative remedies are not prescribed by statute, exhaustion may be excused if exhaustion would be futile, U.S. ex rel. The Saint Regis Mohawk Tribe v. President R.C.--St. Regis Mgmt. Co., 451 F.3d 44, 50 (2d Cir. 2006), and a "clear and positive showing" of futility is made, Eastman Kodak Co. v. STWB, Inc., 452 F.3d 215, 219 (2d Cir. 2006) (citation omitted).  Since exhaustion is mandated by the statute, Jaskiewicz cannot escape that requirement by arguing futility.  In any event, other than to point out that he can not apply for further administrative relief until removal proceedings have begun, Jaskiewicz has not attempted to show futility.  In sum, jurisdiction does not exist under the APA.

C. 28 U.S.C. § 1331

Jaskiewicz also asserts federal question jurisdiction.  Federal courts have jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "A case arises under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes

either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice Assurance, Inc. v. McVeigh, 126 S. Ct. 2121, 2131 (2006) (citation omitted).

Jaskiewicz's claim does not present a federal constitutional issue. The "talismanic invocation of the language of 'due process'" is not sufficient to create jurisdiction unless there is "at least a colorable constitutional violation." Saloum v. U.S. CIS, 437 F.3d 238, 243 (2d Cir. 2006). There is no due process right at stake here since aliens do not have an "inherent property interest" in an immigrant visa. Azizi v. Thornburgh, 908 F.2d 1130, 1134 (2d Cir. 1990).

When it comes to legislation, "the INA does not itself create a cause of action or federally-protected right." Sharkey, 2006 WL 177156, at *5 (citation omitted). To the contrary, Congress has expressly denied judicial review of decisions made under Section 1255 for adjustment of status. 8 U.S.C. § 1252(a)(2)(B)(i).[2] Section 1252 reads in pertinent

---

[2] Because the title of Section 1252 is "Judicial Review of Orders of Removal," there has been some dispute about whether the section applies in situations where there is not yet an order of removal. Spencer Enters., Inc. v. United States, 345 F.3d 683, 692 (9th Cir. 2003); Riley v. Gantner, 03 Civ. 2835 (GEL), 2003 WL 22999487, at *4-5 (S.D.N.Y. Dec. 22, 2003) (collecting

10

part, "[n]otwithstanding any other provision of law (statutory or nonstatutory), . . . no court shall have jurisdiction to review [] any judgment regarding the granting of relief under section 1182(h), 1182(i), 1229b, 1229c, or 1255 [adjustment of status] of this title."  Id.  Thus, there is no jurisdiction under Section 1331 for a district court to review a District Director's denial of adjustment of status.[3]  See Sadowski, 107 F. Supp. 2d at 453-54.  Since Jaskiewicz has failed to show that subject matter jurisdiction exists, there is no need to consider the merits of the defendants' motion to dismiss for failure to state a claim.

---

cases).  The Second Circuit has not yet squarely addressed the issue, although it has held that Section 1252 does not apply to denials of continuance by Immigration Judges, because denials of continuance are not specified in the statute.  See Sanusi v. Gonzales, 445 F.3d 193, 198 (2d Cir. 2006).  Determinations of adjustment of status, however, are specifically enumerated in Section 1252 as a category of decisions for which judicial review is barred, and thus the title of the statutory section may not alter the plain meaning of this statutory text.  See Tailurishvili v. U.S. Dep't of Homeland Security, 03 Civ. 10224 (JSR), 2004 WL 1823561, at *2 (S.D.N.Y. Aug. 16, 2004) (citing Bhd. Of R.R. Trainmen v. Baltimore & Ohio R.R. Co., 331 U.S. 519, 528-29 (1947)); Riley, 2003 WL 22999487, at *5.

[3] While Section 1252 provides for review of "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), this section refers "to a narrow category of issues regarding statutory construction."  Bugayong, 442 F.3d at 72 (citation omitted).

11

## Conclusion

Defendants' motion to dismiss for lack of subject matter jurisdiction is granted, and the complaint is dismissed. The Clerk of Court is directed to enter judgment for the defendants and to close the case.

SO ORDERED:

Dated:   New York, New York
         November 29, 2006

                                   _____
                                          DENISE COTE
                                   United States District Judge